IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MONTELL ALEXANDER BOWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil No. 24-00475 MWJS-RT<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**INTRODUCTION**

Before the Court is pro se Plaintiff Montell Alexander Bowman's complaint against the Department of Justice (DOJ), filed on November 4, 2024.  ECF No. 1.  Bowman seeks to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  ECF No. 2.  When an applicant seeks to proceed without prepayment of fees, the Court must screen the complaint.  And the Court must first ensure that it has the power—or subject matter jurisdiction—to hear a case.  Because the Court does not have the authority to hear this case, and because Bowman would not be able to cure the complaint's deficiencies, the Court DISMISSES the complaint without leave to amend and DENIES the IFP application as moot.

//

//

## DISCUSSION

### A. Screening of Plaintiff's Complaint

In his complaint, Bowman alleges that "every law has been broken" and mentions a "psychic regime." ECF No. 1, at PageID.4. But the complaint does not cite to any specific law, nor does it contain any other discernable factual allegations. Instead, Bowman's complaint and IFP application appear to express his dissatisfaction with this Court for dismissing prior actions that he has brought in this district.[1] *See, e.g.*, ECF No. 2, at PageID.13 ("[Y]ou are the most disrespectful courthouse on the face of the earth for doing this to me again and again . . . ."); *id.* at PageID.14 ("[O]nce you dismiss this case . . . my children and wife will be spying on you every day . . . ."); *see also, e.g.*, *Bowman v. The sea of people every nation every language every tribe*, Civ. No. 24-00452 (D. Haw. Oct. 28, 2024), ECF No. 5; *Bowman v. America Gov't*, Civ. No. 24-00380, 2024 WL 4476432 (D. Haw. Oct. 11, 2024); *Bowman v. America Gov't*, Civ. No. 24-00369 (D. Haw. Aug. 17, 2024), ECF No. 7; *Bowman v. Am. Gov't*, Civ. No. 24-00330, 2024 WL 3833557 (D. Haw. Aug. 15, 2024); *Bowman v. Connors*, Civ. No. 24-00293, 2024 WL 3398363 (D. Haw. July 12, 2024); *Bowman v. Connors*, Civ. No. 23-00283, 2023 WL 5434556 (D. Haw. Aug. 23, 2023); *Bowman v. Biden*, Civ. No. 23-00159, 2023 WL 4054554 (D. Haw. June 16, 2023).

---

[1] The filings also appear to make a number of threats against this Court. *See, e.g.*, ECF No. 1, at PageID.5 ("[T]he F.B.I. is watching your decision about me [and you] will get fired for not helping . . . ."); *id.* ("[O]bey or else."); ECF No. 2, at PageID.13 ("If you stiff me I'll stiff you.").

2

Pro se plaintiffs often face significant hurdles in navigating the court system. For that reason, courts construe pro se litigants' pleadings liberally. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Even so, the Court must, on its own, ensure that it has the power—or subject matter jurisdiction—to hear a case before the case may proceed in federal court. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). And even where the Court has the power to hear a case, when a litigant asks to proceed without prepayment of fees, the Court is statutorily required to screen the complaint for other deficiencies. *See* 28 U.S.C. § 1915(e)(2). Under that statute, the Court must dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

1. A federal court must first determine whether it has jurisdiction. *See Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011). Federal courts have limited power to hear cases, and so a plaintiff has the burden to establish subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Bowman's complaint appears to suggest that the Court has subject matter jurisdiction because there is a federal question presented. *See* ECF No. 1, at PageID.4. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that involve the Constitution or federal law. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded

3

complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A plaintiff's "mere reference of a federal statute in a pleading" is insufficient to confer jurisdiction on a federal court.  *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).  And where an alleged claim "is wholly insubstantial and frivolous," there is no federal question jurisdiction.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

      Here, while the complaint broadly alleges that "every law has been broken," ECF No. 1, at PageID.4, it does not cite to any particular federal law or constitutional provision.  Nor does it set forth any factual allegations from which this Court could derive a basis for federal question jurisdiction.  Because the complaint is wholly devoid of any ground for jurisdiction, it is therefore DISMISSED.

      2.  In keeping with this Court's obligations to ensure justice—particularly for pro se litigants—leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  But where amendment would be futile, leave is appropriately denied. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

      Here, the Court declines to grant Bowman leave to amend because even if he were somehow able to cure the complaint's jurisdictional deficiencies, Bowman would still face other prohibitive barriers to relief.  First, the complaint fails to state a claim upon which relief could be granted.  In evaluating whether a complaint fails to state a valid claim for screening purposes, courts apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710

4

F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  Here, the complaint offers no substantive allegations aside from mentioning a "psychic regime" and the Court's dismissals of Bowman's past cases.  Neither of those allegations could possibly offer starting points for a claim for relief.

There is another deficiency in Bowman's complaint:  it names the DOJ as the defendant.  But the federal government enjoys sovereign immunity, which means it cannot be sued without its consent.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Because the complaint sets forth no legal or factual basis for relief, the Court is unable to decipher any waiver of sovereign immunity that could apply to this case.

For these reasons, leave to amend would be futile and therefore is DENIED.

### B. Plaintiff's In Forma Pauperis Application

Because the complaint is dismissed without leave to amend, the Court also DENIES the IFP application as moot and does not decide the application's sufficiency.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's complaint, ECF No. 1, without leave to amend and DENIES his IFP application, ECF No. 2, as moot.

5

IT IS SO ORDERED.

DATED: December 2, 2024, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00475 MWJS-RT; *Montell Alexander Bowman v. The Department of Justice*; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT